CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 29 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| QUENTIN MCLEAN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:12cv00227 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MS. RATLIFF, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Quentin McLean, a Virginia prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. However, at least three of McLean's previous complaints have been dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Therefore, McLean may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As McLean has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice and denies his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

---

[1] See McLean v. Faust, No. 2:99cv625 (E.D. Va. June 2, 1999) (dismissed with prejudice for failure to state a claim), aff'd 1999 WL 1255773 (4th Cir. Dec. 27, 1999); McLean v. Bolling, No. 7:99cv341 (W.D. Va. July 26, 1999) (dismissed with prejudice for failure to state a claim), aff'd sub nom., McLean v. Angelone, 1999 WL 1065033 (4th Cir. Nov. 24, 1999); McLean v. United States, No. 2:06cv447 (E.D. Va. Sept. 12, 2006) (dismissed with prejudice for failure to state a claim), aff'd 566 F.3d 391 (4th Cir. 2009). The court notes that in McLean v. United States, 566 F.3d 391 (4th Cir. 2009), the United States Court of Appeals for the Fourth Circuit stated that McLean was not a three striker. However, after the court affirmed the district court's dismissal of McLean's case for failure to state a claim, McLean received his third strike. As noted by the dissent in that case, "[g]iven that the majority agrees that McLean has at least two previous strikes, McLean should hereafter be deemed a three-striker . . . ." See also, McLean v. Schilling, et al., No. 08-6479 (4th Cir. Sept. 1 2009) (Court acknowledged that McLean was a three-striker and revoked in forma pauperis status).

[2] McLean alleges that the defendants have served him "contaminated food" in retaliation for complaints that he has filed against staff. McLean does not allege how his food is contaminated or when he was served this allegedly contaminated food. McLean also does not allege whether he ate the allegedly contaminated food or whether he suffered any injury as a result of eating any contaminated food. McLean states that the defendants are paying guards $1,000.00 to serve him contaminated food because "they want to have [him] killed." As relief, McLean seeks injunctive relief to "prevent illegal gaming" and contamination of his food. Upon review of his complaint, the court finds that McLean's allegations are far too speculative, vague, and conclusory to rise to the level of a constitutional violation. As such, the court finds that McLean has failed to demonstrate that he is under imminent danger of serious physical harm.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTER:** This 24th day of May, 2012.

United States District Judge